IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHRISTINE RATLIFF-CUETO,                                          PLAINTIFF

vs.                              Civil No. 2:25-cv-02051

FRANK BISIGNANO,                                                 DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Christine Ratliff-Cueto ("Plaintiff") brings this action pursuant to § 205(g) of Title II of

the Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision

of the Commissioner of the Social Security Administration ("SSA") denying her application for

Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  (ECF No. 5.)  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff filed her disability application on August 16, 2021.  (Tr. 14.)[1]  In this application,

Plaintiff alleged being disabled due to a heart attack, type 2 diabetes, high blood pressure, high

cholesterol, and renal agenesis.  (Tr. 273.)  Plaintiff alleged an onset date of September 18, 2020.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript
pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF
No. 7.  These references are to the page number of the transcript itself not the ECF page number.

1

(Tr. 14.)  Plaintiff's application was denied initially on May 31, 2022, and again upon reconsideration on March 15, 2023.  *Id*.

Plaintiff requested an administrative hearing on her denied application, and this request was granted.  (Tr. 14.)  An Administrative Law Judge ("ALJ") conducted the hearing on March 20, 2024.  (Tr. 33-57.)  At this hearing, Plaintiff was present and represented by Blake Ray.  *Id*.  Plaintiff and Vocational Expert ("VE"), Melissa Brassfield, both testified at the hearing.  *Id*.

On May 22, 2024, the ALJ entered an unfavorable decision.  (Tr. 11-23.)  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Social Security Act through September 30, 2024.  (Tr. 16, Finding 1.)  Additionally, the ALJ determined Plaintiff has not engaged in substantial gainful activity since September 18, 2020.  (Tr. 16, Finding 2.)

The ALJ then determined Plaintiff had severe impairments of peripheral neuropathy, chronic kidney disease, diabetes mellitus, chronic ischemic heart disease, and spine disorder.  (Tr. 16, Finding 3.)  Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  (Tr. 17, Finding 4.)

The ALJ determined Plaintiff has the Residual Functional Capacity ("RFC") to perform light work as defined in 20 CFR § 404.1567(b) "except occasionally climbing ramps or stairs; never climbing ladders, ropes or scaffolds; occasionally balancing, stooping, kneeling, or crouching; frequently reaching, handling and fingering bilaterally; [and] must avoid frequent exposure to unprotected heights and dangerous machinery."  (Tr. 18, Finding 5.)

The ALJ determined Plaintiff was unable to perform any Past Relevant Work ("PRW").  (Tr. 21, Finding 6.)  Additionally, the ALJ determined transferability of job skills is "not material

to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills." (Tr. 22, Finding 9.)  The ALJ further determined that through the date last insured, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed, such as marker with 124,000 jobs available in the national economy; housekeeping cleaner with 220,000 jobs available in the national economy; and sub assembler with 16,000 jobs available in the national economy.  (Tr. 22, Finding 10.)  Based upon these findings, the ALJ determined Plaintiff had not been disabled under the act during the time between September 18, 2020, and the date of the decision, May 22, 2024.  (Tr. 23, Finding 11.)

On May 14, 2025, Plaintiff filed the present appeal.  (ECF No. 2.)  Both parties have filed appeal briefs.  (ECF Nos. 9,11.)  This case is now ready for decision.

## 2.  **Applicable Law:**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

If substantial evidence supports the ALJ's conclusion, the Court cannot reverse simply because substantial evidence also supports a different outcome.  *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010); *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  Therefore, "if after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's

decision." *Goff v. Barnhart*, 421 F.3d 785, 790-91 (8th Cir. 2005); *Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A), *Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity ("RFC") to perform his or her past relevant work; and (5) if the claimant cannot perform the past relevant work, the burden shifts to the Commissioner to prove there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of their RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

4

3. **Discussion:**

In her appeal brief, Plaintiff raises the following argument for reversal: (1) Plaintiff's RFC and Medical Evidence Review were deficient and (2) the ALJ failed to analyze medical equivalence and overall job impacts. (ECF No. 9.) In response, Defendant argues the ALJ did not err in any of his findings. (ECF No. 11.)

As it pertains to Plaintiff's first ground for appeal, Plaintiff recites various medical conditions Plaintiff alleges she suffers from along with citations in the record that she contends supports the severity of the medical conditions. This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The ALJ based his decision on medical opinions from Mercy Clinic; the consultative evaluation performed by Peggy Rosson, CNP; the State Agency Physicians' findings; and the State Agency Psychologists' findings. (Tr. 59-66; 68-76; 395; 690; 766-795; 920; 929-36; 937-1279.)

Because substantial evidence exists in this record through the various medical opinions relied upon by the ALJ, this Court must affirm the ALJ's decision.

For her second basis of appeal, Plaintiff claims the ALJ failed to find that her impairments equal a listed impairment based on a valid combination of conditions. First, Plaintiff claims she experiences occasional vision issues related to cataracts and diabetic retinopathy. (ECF No. 9, p. 8.) Plaintiff also claims she experiences a combination of cardiovascular issues that "have a similar combined impact as having extremely limited visual acuity." *Id*. Finally, Plaintiff claims she has a combination of "off-task behavior items, such as depressive and/or anxious symptoms causing worry, distraction, irritability, and other similar unfocused behavior, as well as the dedicated need to use the restroom as needed to prevent further deterioration of her kidneys." *Id*.

To establish a claim of medical equivalence, a Plaintiff "must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Carlson v. Astrue*, 604 F.3d 589, 594 (8th Cir. 2010); *see also Schmitt v. Kijakazi*, 27 F.4th 1353, 1358 (8th Cir. 2022). While Plaintiff bears the burden of proof to establish her impairment meets or is equal to a medical listing, the adjudicator is responsible for the finding of medical equivalence. Social Security Ruling (SSR) 17-2p, 2017; *see also Schmitt*, 27 F.4th at 1358.

A finding of disability based on medical evidence at Step 3 must be supported by appropriate medical opinion evidence in the record. Social Security Ruling (SSR) 17-2p, 2017. This support can come from a qualified medical or psychological consultant at the earlier adjudicative stages, from a medical expert involved at the hearing level (including testimony or written responses), or from medical staff associated with the Appeals Council. *Id*. Accordingly, the record must contain a professional medical assessment that affirmatively backs the conclusion that the claimant's condition is equivalent in severity to a listed impairment. *Id*.

In the present case, Plaintiff has failed to put forth what listing she may equal and has not provided any specific evidence regarding what listing she may equal. The burden of proof is on Plaintiff to indicate which listing medical findings are equal in severity, and she has not provided the Court with any clear explanation beyond a list of impairments. Accordingly, this claim must be rejected.

## 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence, and is **AFFIRMED**. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 3rd day of April, 2026.**

/s/ *Spencer G. Singleton*
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE